IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TOMMY CHRIS HENDERSON,**

                  **Plaintiff,**

     v.                                        **CASE NO. 08-3053-SAC**

**DOUG MATTHEWS, et al.,**

                  **Defendants.**

**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Barton County Detention Center in Great Bend, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

In 1996, the Prison Litigation Reform Act substantially altered the manner in which indigent prisoners may proceed in the United States District Courts. Significant to the present case, 28 U.S.C. § 1915 as amended by that Act now provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g) (as amended April 26, 1996).

Court records establish that plaintiff's litigation history in

the federal courts subjects him to this 3-strike provision. *See* Henderson v. Anderson, Case No. 06CV00250SWW/HDY (E.D.Ark. February 7, 2007)(Magistrate Judge recommending dismissal of the complaint without prejudice based upon plaintiff's "3-strike" status, and citing three previous cases filed by plaintiff which were dismissed as failing to state a claim for relief: Henderson v. Keith, 95-5041 (W.D.Ark.)(April 24, 1995); Henderson v. Miller, 95-5082 (W.D.Ark. July 12, 1995); and Henderson v. Johnson, 05CV1315 (E.D.Ark. January 4, 2006)).

In his complaint plaintiff seeks discovery concerning the handling by Arkansas and Kansas officials of plaintiff's request for disposition of a Barton County detainer lodged against plaintiff while he was confined in Arkansas. Plaintiff also seeks damages from the named Kansas and Arkansas officials for any misconduct by them that is established through the requested discovery. However, nothing in these allegations suggests that plaintiff is now facing an "imminent danger of serious physical injury" as required to avoid the "3-strike" provision in § 1915(g).

The court thus directs plaintiff to show cause why plaintiff's pending motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 should not be denied pursuant to 28 U.S.C. § 1915(g), and the complaint dismissed without prejudice based upon plaintiff's failure to pay the $350.00 district court filing fee required by 28 U.S.C. § 1914 to proceed in this matter.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the pending motion for leave to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g), and the complaint dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 26th day of February 2008 at Topeka, Kansas.


                                      s/ Sam A. Crow  
                                      SAM A. CROW  
                                      U.S. Senior District Judge