## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TOMMY CHRIS HENDERSON,

                Plaintiff,

        v.                             CASE NO. 08-3053-SAC

DOUG MATTHEWS, et al.,

                Defendants.

### O R D E R

    Plaintiff seeks relief under 42 U.S.C. § 1983, on a complaint filed pro se while confined in the Barton County Detention Center in Great Bend, Kansas.  Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915, without prepayment of the $350.00 district court filing fee. The court determined that plaintiff's litigation history subjected him to a "3-strike" provision which barred plaintiff from proceeding in forma pauperis absent a showing that he was under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Finding no such showing on the face of the record, the court directed plaintiff to show cause why the motion for leave to proceed in forma pauperis should not be denied, which would thereby require plaintiff to pay the $350.00 district court filing fee to proceed in this matter.

    In response, plaintiff requests an evidentiary hearing and discovery in order to demonstrate the "imminent harm" exception to § 1915(g).  Plaintiff cites a state medical malpractice action he filed in Arkansas regarding the amputation of his big left toe, and appears to allege violations of the Interstate Agreement on

Detainers Act by the attempt to remove that state court action to the United States District Court for the Eastern District of Arkansas, and/or by the circumstances leading to plaintiff's present confinement in Kansas.    Plaintiff cites a nine month denial of prescribed orthopedic shoes and problems that resulted to his left foot as a result, including a diagnosis of Charot foot when Barton County, Kansas, staff sent plaintiff to an outside podiatrist for evaluation.

Plaintiff claims this puts him "under imminent harm of serious physical injury" for the purpose of avoiding the 3-strike provision in 28 U.S.C. § 1915(g).   The court disagrees.

Plaintiff confuses the showing of "imminent harm of serious physical injury" with the showing needed to proceed on an actionable claim under state tort law.   Plaintiff acknowledges he is dealing with a progressive rather than acute medical condition for which treatment is currently being provided.   The impact of plaintiff's Kansas confinement on possible tort claims in his Arkansas litigation does not constitute an "imminent threat of serious physical injury" under 28 U.S.C. § 1915(g).   Plaintiff's separate motion for discovery of his Arkansas medical records, and for an evidentiary hearing to determine the extent of his injuries resulting from the alleged negligence in Arkansas,[1] is denied.

Finding no factual allegations that would satisfy the "imminent

---

[1]Similarly, in his complaint plaintiff seeks discovery concerning the handling by Arkansas and Kansas officials of plaintiff's request for disposition of a Barton County detainer lodged against plaintiff while he was confined in Arkansas, and seeks damages from Kansas and Arkansas officials for any misconduct established through the requested discovery.

danger" exception to the "3-strike" provision in 28 U.S.C. § 1915(g), the court denies plaintiff's motion for leave to proceed in forma pauperis.  Absent timely payment of the full $350.00 district court filing fee required by 28 U.S.C. § 1914, the complaint will be dismissed without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2), and motion for an evidentiary hearing and discovery (Doc. 6) are denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to pay the full $350.00 district court filing fee to avoid dismissal of the complaint without prejudice.

**IT IS SO ORDERED.**

DATED:  This 17th day of February 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge